**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| ADAM SOKOLOFF, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| BIO WORLD MERCHANDISING | ) | JURY TRIAL REQUESTED |
| INC., AND RAJEEV MALIK, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Adam Sokoloff, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendants' violation of the FLSA. Plaintiff also seeks damages under the Employee Retirement Income Security Acts of 1974 ("ERISA") and Internal Revenue Code 28 U.S.C. §§ 1331, 1340, and 2201. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Finally, Plaintiff also brings a related state law claim for breach of contract and damages related to the tortious conduct of the Defendants. Plaintiff states as follows as his Complaint in this matter:

## I.   JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §§§1337, 1340, and 2201 this action arising under an act of Congress regulating commerce.

2.

This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims as these claims are so related to this action that they form part of the same case or controversy.

3.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

4.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

5.

Plaintiff is an adult resident citizen of Clarke County, Georgia.

6.

Based upon Plaintiff's information and belief, Defendant Bio World Merchandising, Inc. ("Defendant Bio World") is a domestic corporation existing under the State laws of Texas.  Defendant Bioworld lists its principal place of business as 1159 Cottonwood Lane, Irving, Texas 75038.  Defendant Bio World maintained an office and was doing business in Athens, Clarke County, Georgia at 675 Pulaski Street.

7.

Service of process for Defendant Bioworld can be effectuated through its registered agent, Rajeev Malik, 1159 Cottonwood Lane, Irving, Dallas County, Texas 75038.

8.

Based upon Plaintiff's information and belief, Rajeev Malik ("Defendant Malik") is an adult resident of Dallas County, Texas.

9.

Service of process for Defendant Malik can be effectuated at his place of employment: 1159 Cottonwood Lane, Irving, Dallas County, Texas 75038.

10.

Defendant Malik is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. 203(d). Specifically, Defendant Malik made employment and compensation policy decisions related for the Plaintiff and directly made the decision to misclassify Plaintiff as an independent contractor.

11.

Defendant Malik is the Chief Executive Officer of Bioworld. At all times relevant to this Complaint, Defendant Malik served as the Chief Executive Officer, managing the day-to-day operation of the business, has responsibility and delegated responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Defendant Bio World that were applicable to Plaintiff.

12.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

13.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

14.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants, in fact Plaintiff's work location was based in this District.

15.

Defendant  Bio World describes its business as providing pop-culture merchandise to retail stores.

16.

Defendants are engaged in interstate commerce for purposes of the FLSA. Specifically, Defendants deal in commerce by crossing state lines and recurrently utilizes the instrumentalities of interstate commerce, such as the internet and telephones through the wholesale of good to retailers throughout the United States.

17.

Defendants directed Plaintiff to individually engage in interstate commerce, by require him to cross state lines in the performance of his duties and recurrently

utilizing instrumentalities of interstate commerce, such as the telephone and internet in his work.    Specifically, Plaintiff engaged in interstate travel to meet with the Defendants' customers and suppliers, Plaintiff placed interstate telephone calls, among others.

18.

Plaintiff as part of his job duties regularly engages in interstate commerce, by by regularly and recurrently crossing state lines and utilizing instrumentalities of interstate commerce, such engaging in interstate travel to meet with the Defendants' customers and suppliers and placing interstate telephone calls.

19.

Plaintiff was employed in positions that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

20.

The Defendants have an annual dollar volume of sales or business done in excess of $500,000.

21.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

22.

Plaintiff was employed as a Director of Sales from December 2009 through April 2021.

23.

During times relevant to this Complaint, Defendants initially compensated Plaintiff on a "base pay" (comprised of a monthly fee and rental allowance) plus commissions.

24.

Defendants classified Plaintiff as an independent contractor from December 2009 until May 2020. In May 2020, the Defendants converted Plaintiff to an employee and paid him a salary plus commission.

25.

When the Defendants changed Plaintiff's classification from independent contract to employee, his duties and job title remained the same.

26.

While classified as an independent contractor, Plaintiff managed a set number of the Defendants' employees.

27.

After being converted to an employee, the Plaintiff continued to manage a set number of the Defendants' employees.

28.

Plaintiff worked in excess of forty (40) hours per week during the time in which he was classified as an independent contractor.

29.

The Defendants' classification of Plaintiff as an independent contractor resulted in the denial of Plaintiff's ability to collect proper compensation for all hours worked.

30.

By classifying the Plaintiff as an independent contractor, the Defendants have failed to pay legally required employment taxes to both the United States government taxing authority and the State of Georgia government taxing authority.

31.

Plaintiff has been misclassified as independent contractors under the FLSA, and the Internal Revenue Code.  Rather, he is an employee as defined by 29 U.S.C. § 203(e) and 26 U.S.C. § 3121(d)(2).

32.

Plaintiff is not exempt from the FLSA, which entitles him to be paid the overtime premium for any hours worked in excess of forty (40) in any work week.

33.

Plaintiff is, as a matter of economic reality, dependent on the Defendants. Plaintiff worked in a fulltime capacity for the Defendants and his earning from the Defendants are his primary source of income.

34.

Plaintiff's work as a Sales Director for the Defendants was an integral part of the Defendants' business, in fact it was the very means by which the Defendants generated revenue.

35.

Plaintiff's job duties required him to work whatever hours were necessary to accomplish his work, including weekends and nights.

36.

Plaintiff was paid a flat base rate and was not paid any overtime when working in excess of forty (40) hours per pay period, while classified as an independent contractor.

37.

Defendants provided Plaintiff with equipment to perform the duties of his position and paid Plaintiff a fee to establish a facility space for the Defendants.

38.

The Defendants dictated Plaintiff's schedule, assigned him to specific jobs and clients with which to work, and mandated that he report for work at specific times and dates determined by the Defendants.

39.

The Defendants provided Plaintiff with their standard form contract to engage him as an independent contractor.

40.

Plaintiff was entitled to full pay for each hour worked and overtime pay for each hour worked in excess of forty (40) in the workweek.

41.

The Defendants have not provided Plaintiff with the benefits to which he would have been entitled if properly classified as an employee.

42.

Plaintiff has been denied worker's compensation benefits, unemployment benefits, *etc.* as a result of Defendants' misclassification.

43.

Defendants have willfully failed to comply with the overtime wage provisions of the FLSA, 29 U.S.C. §207, specifically, by misclassifying Plaintiff as an independent contractor and failing to pay Plaintiff the overtime premium.

44.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

45.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid overtime wages.

46.

Plaintiff is entitled to the number of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

47.

Defendants have not made a good faith effort to comply with the FLSA.

48.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

49.

Plaintiff has not a plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

50.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay for the premium overtime rate for those hours suffered over forty (40) hours.

51.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

52.

Plaintiff is entitled to the number of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

**IV.    COUNT ONE: CLAIM FOR FEDERAL DAMAGES DUE TO MISCLASSIFICATION UNDER 26 U.S.C § 7434 AND 29 USC § 1001, *et seq.***

53.

Plaintiff incorporates by reference paragraphs 1 – 52 as if fully set forth herein.

54.

Defendants fraudulently filed information on Federal and State tax returns regarding Plaintiff maintaining he was an independent contractor.

55.

Defendants actions were willful because Defendants knew that the Plaintiff was wrongfully misclassified, and Defendants refused to correct the misclassification during times relevant.

56.

As a further result of the misclassification, Plaintiff was not able to participate in the employer sponsor benefit plans governed by the ERISA.

57.

As the result of the misclassification, Plaintiff suffered damages in that he was not able to participate under the employer sponsor benefit plans and will incur other costs, penalties, and damages as a result of the Defendants' fraudulent tax filings.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.      The greater of $5,000 or the sum of any actual damages sustained by the Plaintiff to be determined by a jury;

B.      Plaintiff further seeks ERISA damages and attorney's fees under 29 U.S.C. § 1132 for denial of benefits to which he would have been entitled if not willfully misclassified; and

C.      Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## V.      COUNT TWO: CLAIM FOR OVERTIME WAGES

### 58.

Plaintiff incorporates by reference paragraphs 1 – 57 as if fully set forth herein.

### 59.

Plaintiff worked over forty (40) hours per week during the course of his employment with the Defendants.

### 60.

Defendants wrongfully failed to pay Plaintiff at the time and one-half overtime rate of pay for any of those overtime hours.

### 61.

The failure to pay overtime is attributable to the Defendants' intentional misclassification of Plaintiff as an independent contractor.

62.

Defendants have willfully and knowingly violated the provisions of the FLSA in a scheme to avoid paying Plaintiff overtime wages.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation.

B.   Payment of an equal number of liquidated damages pursuant to the FLSA.

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

**V.   COUNT THREE:  BREACH OF CONTRACT CLAIM**

63.

Plaintiff incorporates by reference paragraphs 1 – 62 as if fully set forth herein.

64.

Plaintiff and Defendants entered into a binding written contract regarding Plaintiff's commission ("Agreement").

65.

The agreement was memorialized in email correspondence between the Plaintiff and the Defendants.

66.

The Agreement provided that the Defendants would pay Plaintiff a base rate, which was comprised of a monthly salary and rental allowance, plus commission based on sales.

67.

Plaintiff provided the Defendants with legal consideration pursuant to the Agreement.

68.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

69.

The Defendants failed or refused to pay commissions pursuant to Plaintiff pursuant to the Agreement.

70.

As a result of Defendants' breach, Plaintiff is entitled to damages.

71.

Defendants have been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover his reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

72.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract, interest as provided by law and such other and further relief as this court deems just and proper.

B. Pre-judgment interest pursuant to O.C.G.A. §§7-4-2;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. Award Plaintiff's attorneys' fees and costs for Defendants' bad faith, stubborn litigiousness and causation of unnecessary trouble and expense pursuant to O.C.G.A. § 13-6-11; and

E. Award such further and other relief as this Court deems just and proper.

## VI.   COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

73.

Plaintiff incorporates by reference paragraphs 1 – 72 as if fully set forth herein.

74.

Following Plaintiff's separation from the employ of the Defendants, Plaintiff approached a number of wholesale manufactures ("Manufactures").

75.

Plaintiff had longstanding business relationships with the Manufactures, which he wishes to continue.

76.

Plaintiff had the expectancy of business relationships with the Manufactures would continue.

77.

Defendants knew about Plaintiff's business relationships with the Manufactures, and intentionally and unjustifiably interfered with them by disrupting those relationships and inducing the Manufactures not to continue their business relationships with Plaintiff.

78.

Specifically, Defendants acted improperly and without privilege, and purposely and maliciously with the intent to injure.

79.

As a direct and proximate result of Defendants' interference, Plaintiff has suffered and will continue to suffer financial injury; Plaintiff will be directly deprived of any future revenues deriving from each opportunity, as well as the additional benefits and credibility that would have accrued to it as a result of concluding and successfully completing those opportunities.

80.

In addition, Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recovery of his litigation expenses, including but not limited to his reasonable attorneys' fees.

81.

The Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

    A. Award Plaintiff his damages as proven at trial;

    B. Award Plaintiff punitive damages, exemplary damages, and any enhanced damages allowed by law or authorized by statute, rule, or regulation arising out of Defendants' misconduct, statutory violations, torts, and breaches;

    C. Award Plaintiff's attorneys' fees and costs for Defendants' bad faith, stubborn litigiousness and causation of unnecessary trouble and expense pursuant to O.C.G.A. § 13-6-11;

    D. Cast all costs against Defendants; and

    E. Award such further and other relief as this Court deems just and proper.

(SIGNATURE PAGE TO FOLLOW)

Respectfully submitted, this 27th day of January, 2022.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Nicholas P. Martin*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| ADAM SOKOLOFF, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| BIO WORLD MERCHANDISING | ) | JURY TRIAL REQUESTED |
| INC., AND RAJEEV MALIK, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted, this 27th day of January, 2022.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Nicholas P. Martin*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com