IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ADAM SOKOLOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:22-cv-12-CDL |
| BIO WORLD MERCHANDISING, INC. | ) | |
| and RAJEEV MALIK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAJEEV MALIK'S RENEWED MOTION TO DISMISS
UNDER RULES 12(b)(2) AND 12(b)(6)**

Defendant Rajeev Malik ("Malik") files this Renewed Motion to Dismiss the Amended Complaint filed by Adam Sokoloff ("Sokoloff") for lack of personal jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted.

**SUMMARY OF ARGUMENT**

Malik is domiciled in Dallas, Texas, and is not subject to the general jurisdiction of Georgia courts. Malik's minimal contacts with the State of Georgia are also insufficient to subject him to the jurisdiction of this Court. Neither Federal law nor Georgia's long-arm statute authorize this Court to exercise jurisdiction over Malik, and doing so would violate his due process rights. The Amended Complaint against Malik should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

In the alternative, Sokoloff's tortious interference claim against Malik should be dismissed under Rule 12(b)(6) for failure to state a claim. Assuming the facts alleged are true, Sokoloff has affirmatively pleaded himself out of a claim by alleging Malik and Bioworld have preexisting relationships with the nameless manufacturers discussed in the Amended Complaint. Because Malik and Bioworld are not strangers to Sokoloff's alleged relationship with these manufacturers,

Sokoloff's tortious interference claim fails as a matter of law and should be dismissed with prejudice.

## FACTUAL BACKGROUND[1]

Malik is the Chief Executive Officer of Bioworld, a Texas corporation with its principal place of business in Irving, Texas.[2] It is undisputed that Malik is an individual defendant residing in Dallas, Texas.[3]

Malik has traveled to Georgia on only two occasions.[4] He does not transact any business in the State of Georgia, nor does he regularly transact business with, or solicit business from, Georgia residents.[5] He does not own, use, or possess any property in Georgia, nor has he committed any tortious conduct in Georgia or caused injury to Georgia residents.[6] Any decisions Malik made regarding Bioworld's conduct or regarding Sokoloff were made in his official capacity as CEO of Bioworld.[7]

In December 2009, Sokoloff began contracting with Bioworld as an independent salesman to provide services selling Bioworld merchandise and products as an independent contractor.[8] On January 2, 2013, Bioworld and Sokoloff executed an Independent Contractor Agreement (the

---

[1] Except where noted in the argument below, Defendant relies on the facts in this section only in support of his grounds for dismissal under Rule 12(b)(2).

[2] Exhibit A, Malik Declaration, ¶1.

[3] *Compare* Dkt. 22 at 3, ¶8, *with* Exhibit A, Malik Declaration, ¶1.

[4] Exhibit A, Malik Declaration, ¶2.

[5] Exhibit A, Malik Declaration, ¶3.

[6] Exhibit A, Malik Declaration, ¶¶5–6.

[7] Exhibit A, Malik Declaration, ¶10.

[8] Exhibit A, Malik Declaration, ¶7.

**DEFENDANT RAJEEV MALIK'S RENEWED MOTION TO DISMISS**
**UNDER RULES 12(b)(2) AND 12(b)(6)**                                                                Page 2

"2013 Agreement").[9]  In 2020, Sokoloff became an employee of Bioworld.[10]  The negotiations over his compensation and commission structure were primarily led by Bioworld's then-Apparel Group Vice President, Brad Coleman.[11]  Malik, individually, was not significantly involved in negotiating the terms of this deal.[12]

On January 27, 2022, Sokoloff sued Malik and Bioworld alleging five causes of action against both defendants, including: (1) a civil tax fraud claim; (2) a violation of the Employee Retirement Income Security Act ("ERISA"); (3) failure to pay overtime wages under the FLSA; (4) breach of contract; and (5) tortious interference.[13]  Malik filed a motion to dismiss and Sokoloff amended his complaint, limiting his claims against Malik to the FLSA and tortious interference causes of action.[14]  For the Court's convenience, a redline showing changes between the initial Complaint and Amended Complaint is attached as Exhibit B.

## ARGUMENT AND AUTHORITIES

Despite his amendment, Sokoloff has still failed to establish this Court's jurisdiction over Malik.  It should be dismissed in its entirety under Rule 12(b)(2).  In the alternative, Malik seeks relief under Rule 12(b)(6) and moves to dismiss Count Four (tortious interference) for failing to plausibly state a claim.

---

[9] Exhibit A-1, 2013 Agreement.

[10] Exhibit A, Malik Declaration, ¶9.

[11] Exhibit A, Malik Declaration, ¶9.

[12] Exhibit A, Malik Declaration, ¶¶9–10.

[13] *See* Dkt. 1.

[14] *See* Dkt. 22.

A.     **MALIK'S RULE 12(b)(2) MOTION TO DISMISS**

Rule 4(k) of the Federal Rules of Civil Procedure, in relevant part, provides "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or (C) when authorized by statute."[15]  Because the FLSA does not have an explicit provision authorizing personal jurisdiction over nonresident defendants in federal court proceedings, *see Zeleznik v. Universal Restoration Servs. Se.*, No. 1:10-cv-2444-WEJ, 2011 WL 13269437, at *3 n.6 (N.D. Ga. Feb. 23, 2011), this Court should deploy the traditional two-step, specific personal jurisdiction analysis.[16]

First, the court must determine whether jurisdiction is authorized under the forum state's long-arm statute. *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) ("When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process [Rule 4(k)] directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction.").  Second, the court must determine whether exercising jurisdiction over the out-of-state defendant comports with due process, "which requires that the

---

[15] There is some disagreement about whether Rule 4 applies post-service. *See Waters v. Day & Zimmerman NPS, Inc.*, 23 F.4th 84, 97–98 (1st Cir. 2022) (critiquing *Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021) and *Vallone v. CJS Sol. Grp., LLC*, 9 F.4th 861 (8th Cir. 2021) for holding Rule 4 incorporates the Fourteenth Amendment's restraint on the jurisdiction of state courts to similarly restrict the jurisdiction of federal courts in federal question cases).  The Eleventh Circuit has, however, held Rule 4(k) directs federal courts to look to the forum state's long-arm statute when conducting the personal jurisdiction analysis even when jurisdiction is based on a federal question. *See Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Although diversity jurisdiction may be present here, the Amended Complaint does not allege it and there is no statement regarding the amount in controversy. *See* Dkt. 22 at 2, ¶1.

[16] Malik is not subject to the general jurisdiction of Georgia courts because it is undisputed he is domiciled in Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." (quotation omitted)).

defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005).

Procedurally, Sokoloff has the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers, Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). Because Malik submits evidence in support of his position, Sokoloff has the burden to produce evidence supporting jurisdiction. *Id.*

### 1. The Georgia long-arm statute does not authorize the exercise of jurisdiction over Malik.

In relevant part, Georgia's long-arm statute provides Georgia courts with jurisdiction over a nonresident defendant if he or she:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state.

GA. CODE § 9-10-91.[17] There are two problems.

*First,* Sokoloff has not carried his pleading burden. The Amended Complaint contains no factual allegations from which this Court might reasonably infer that it has jurisdiction over Malik. The Amended Complaint does not allege Malik personally transacts business within the State of Georgia or that he regularly or personally does business with, or solicits business from, Georgia

---

[17] Georgia's long-arm statute has two other provisions that are not relevant here. *See* GA. CODE § 9-10-91(5) (authorizing jurisdiction for certain family law matters); *id.* § 9-10-91(6) (authorizing jurisdiction over nonresident defendants subject to a court order from a Georgia court regarding "alimony, child custody, child support" and other related matters).

residents.  It does not allege he has personally committed a tortious act or omission within the State of Georgia or that he has personally caused tortious injury in Georgia.  The Amended Complaint does not allege Malik owns, uses, or possesses any real property in Georgia.  Nothing in the Amended Complaint connects Malik with the State of Georgia.[18]

The closest Sokoloff gets to connecting Malik with Georgia is found in paragraph 14 of the Amended Complaint.  There, Sokoloff alleges "Defendants employed the Plaintiff to perform labor for their benefit, made employment and compensation related decisions regarding the Plaintiff, and paid Plaintiff in this District."[19]  Any decisions Malik made regarding Sokoloff were made in his official capacity as Chief Executive Officer of Bioworld at its corporate headquarters in Irving, Texas, not in Georgia.[20]  Malik's position as CEO of a company that does business in Georgia, or with Georgia residents, is insufficient to establish personal jurisdiction over Malik as an individual defendant.  *See Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1360 (N.D. Ga. 2010) ("That Mr. Fry is president of a company that does business in Georgia is insufficient to satisfy [the first prong of Georgia's long-arm statute.]").  Sokoloff has failed to satisfy his burden of making a prima facie case regarding this Court's authority over Malik.  *See Diamond Crystal Brands*, 593 F.3d at 1257.  Sokoloff has not alleged any basis for the Court to conclude Georgia's long-arm statute authorizes this Court to exercise jurisdiction over Malik.

---

[18] Paragraph 23 of the Amended Complaint states: "This Court has personal jurisdiction over the Defendants as Employers pursuant to the FLSA and pursuant to supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) for the related state law claims." Dkt. 22 at 7. This is a naked legal conclusion. Moreover, Defendants' alleged status as an employer under the FLSA does not inherently mean they are subject to personal jurisdiction. *See Zeleznik v. Universal Restoration Servs. Se.*, No. 1:10-cv-2444-WEJ, 2011 WL 13269437, at *1 n.1 (N.D. Ga. Feb. 23, 2011) ("Even if an individual fits the definition of employer under the FLSA, the plaintiff must first establish the separate question of personal jurisdiction.").

[19] Dkt. 22 at 5, ¶14.

[20] Exhibit A, Malik Declaration, ¶10.

*Second*, the evidence submitted by Malik conclusively negates any basis for jurisdiction.[21] As explained in his declaration, Malik has traveled to Georgia twice in his life, most recently three to four years ago.  He does not personally transact any business in the State of Georgia or regularly transact business with, or solicit business from, Georgia residents.  He does not own, use, or possess real property in Georgia.  Finally, Malik has not committed any tortious conduct in Georgia or caused injury to residents of Georgia.  Malik's declaration establishes this Court has no jurisdiction over him.  As such, Sokoloff has the burden to produce evidence establishing this Court's jurisdiction over Malik, which is a burden he cannot satisfy.

*Finally*, Sokoloff should not be granted leave to amend.  Sokoloff has already amended his complaint once before and the amendments failed to address the lack of personal jurisdiction.  Moreover, amendment would be futile as the facts show Malik is not subject to jurisdiction under the Georgia long-arm statute.  *See W.S. McDuffie & Assocs., P.C. v. Owens*, 682 F. Supp. 1226, 1230 (N.D. Ga. 1988) (denying leave to amend the complaint because the plaintiff could not show that the court would have personal jurisdiction over the proposed defendant and therefore amendment would be futile).

### 2.    Exercising jurisdiction over Malik would violate his due process rights.

Even if the Georgia long-arm statute authorized jurisdiction over Malik, exercising jurisdiction would not comport with due process.  In determining whether exercising personal jurisdiction over a nonresident defendant comports with due process, this Court must determine whether Malik has "minimum contacts" with Georgia and then determine whether exercising

---

[21] Exhibit A, Malik Declaration.

jurisdiction over Malik would "offend traditional notions of fair play and substantial justice." *Madara v. Hall*, 916 F.2d 1510, 1515–16 (11th Cir. 1990).[22]

The "minimum contacts" analysis asks whether the defendant has "purposefully directed his activities at the forum and [whether] the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 1516 (quotation omitted).  As discussed above, Malik does not have "minimum contacts" with Georgia and what little contact exists did not give rise to the claims in Sokoloff's Amended Complaint.  Exercising personal jurisdiction over Malik on these facts would not comport with due process.  *See id.* (finding defendant did not have minimum contacts with Florida even though he had been there six times in three years, was a partner in a limited partnership that owned partnerships holding property in Florida, and made an allegedly libelous statement in a magazine distributed in Florida); *see also Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) ("In this Circuit, we have held that a tort arises out of or relates to the defendant's activity in a state only if the activity is a but-for cause of the tort." (quotation and brackets omitted)).  This is not one of those "exceptional cases" in which a court can exercise jurisdiction over a nonresident defendant "upon a lesser showing of minimum contacts." *Madara*, 916 F.2d at 1519.

Even if Malik had the requisite contacts with Georgia, this Court should not exercise jurisdiction over him because doing so would "offend traditional notions of fair play and

---

[22] Again, Malik's contacts with Georgia are the issue because the FLSA does not provide for nationwide or worldwide service. *See Sculptchair*, 94 F.3d at 631 (conducting minimum contacts analysis limited to defendant's contacts with Florida in a federal question case arising under a federal statute that does not provide for nationwide service); *cf. United States SEC v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) ("However, a recent survey of our precedents reveals that we generally have deemed the applicable forum for minimum contacts to be the United States in cases where, as here, service of process has been effected pursuant to a federal statute authorizing nationwide or worldwide service, although we have never explicitly stated a rule to that effect.").

substantial justice." *Diamond Crystal Brands*, 593 F.3d at 1274. In making this inquiry, this Court should "look to the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Id.*

The Athens Division of the Middle District of Georgia is over 800 miles from Malik's home in Dallas, Texas. Requiring Malik to litigate and defend himself in a foreign court far from home is unduly burdensome and would require Malik to incur unnecessary expenses. Moreover, Georgia has very little interest in this lawsuit. Neither Malik nor Bioworld are residents of Georgia and the alleged unlawful conduct—misclassification decisions and tortious interference—did not occur in Georgia.[23] The only interest Georgia has in this lawsuit is the fact that Sokoloff lives in Georgia and might be entitled to some disbursement of funds in Georgia. This is insufficient. *See Umbach v. Mercator Momentum Fund, L.P.*, No. 07-22219-CIV, 2007 WL 2915910, at *7 (S.D. Fla. Oct. 5, 2007) ("Florida, as a forum, has a marginal interest in adjudicating a breach of contract whose only connection to Florida is that one of its signatories lives there and might be entitled to disbursement of funds inside the state."). Malik lacks the required minimum contacts to subject him to personal jurisdiction in Georgia and the Court should dismiss the claims against him for that reason.

---

[23] *See* Dkt. 22 at 20, ¶80 (alleging Sokoloff approached manufacturers located in China). Sokoloff's tortious interference claim alleges Malik, as CEO of Bioworld, contacted wholesale manufacturers in China from his office in Texas.

**DEFENDANT RAJEEV MALIK'S RENEWED MOTION TO DISMISS**
**UNDER RULES 12(b)(2) AND 12(b)(6)**                                                                 **Page 9**

B.     **MALIK'S RULE 12(b)(6) MOTION TO DISMISS TORTIOUS INTERFERENCE CLAIM**

    1.     **Legal standard**

Rule 12(b)(6) entitles a defendant to obtain dismissal of a lawsuit or claim when the complaint fails to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion, Sokoloff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Rule 12(b)(6) motion tests the formal sufficiency of the plaintiff's complaint, but should not be used to resolve factual issues or the merits of the case.  *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).  Still, "bare assertions . . . [that] amount to nothing more than a formulaic recitation of the elements" of a cause of action are not entitled to be presumed true, even at this early pleading stage.  *Iqbal*, 556 U.S. at 681.

    2.     **Analysis**

Count Four of the Amended Complaint alleges "Defendants" tortiously interfered with business relationships Sokoloff allegedly had with "Manufactures."[24]  To state a claim for tortious interference under Georgia law, Sokoloff must allege:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Tribeca Homes, LLC v. Marathon Inv. Corp.*, 745 S.E.2d 806, 808 (Ga. Ct. App. 2013).

---

[24] Dkt. 22 at 20–23, ¶¶79–90.

To satisfy the first element, Sokoloff must show Malik was "a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract." *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 283 (Ga. 1998). The Amended Complaint fails on this point.

Sokoloff made some changes in the Amended Complaint, but none help. In fact, they confirm the invalidity of his claim by affirmatively alleging that Malik was *not* a stranger to the business relationships at issue. Sokoloff changed paragraph 80 and added paragraph 81:

> ~~74~~80.
>
> Following Plaintiff's separation from the employ of the Defendants, Plaintiff approached a number of wholesale manufactures located in China ("Manufactures").
>
> ~~75~~
> 81.
>
> These Manufactures produce clothing for a wide variety of business in the apparel and are not otherwise exclusive to the Defendants. [25]

The question before the Court is whether Defendants were strangers to the alleged business relationship or contracts between Sokoloff and the manufacturers. The manufacturer's location in China is irrelevant. The fact Defendants did not have exclusive contracts with the unidentified manufacturers is a tacit admission that Defendants had pre-existing contractual relationship with the alleged manufacturers at issue.

---

[25] Exhibit B at 32; *see also* Dkt. 22 at 20.

Sokoloff also added the following paragraphs:

> 86.
>
> Following Plaintiff separation from employment with the Defendants, Defendant Malik contacted these manufactures that threatened to discontinue their business relationship with the Manufactures if they engaged in business with Plaintiff or for any Company for which Plaintiff worked. Defendant Malik made these threats personally and as a representative of Defendant Bio World.
>
> 87.
>
> When Plaintiff discussed busines relationship with the Manufactures, the Manufactures stated they could not enter into a busines relationship with Plaintiff, on account of Defendant Malik's threats to cease their business relationship.[26]

By alleging that Malik threatened to "cease their business relationship"—that is, the business relationship between Bioworld and the "Manufactures"—Paragraph 87 affirmatively alleges that Bioworld and Malik were *not* strangers to the business relationships that are the subject of Sokoloff's tortious interference claim.[27]

Other parts of the Amended Complaint further confirm that Sokoloff had the alleged business relationships at issue while selling merchandise for Bioworld's benefit and at Malik's

---

[26] Dkt. 22 at 21–22, at ¶¶86–87; *see also* Exhibit B at 34–35.

[27] Dkt. 22 at 22, ¶87.

direction.[28]  Elsewhere in the Amended Complaint, Sokoloff admits his role with Bioworld involved "engaging in interstate travel to meet with the Defendants' customers and *suppliers*."[29]

The Amended Complaint affirmatively establishes Malik is not a stranger to the alleged business relationship between Sokoloff and the unidentified manufacturers.  Sokoloff's tortious interference claim thus fails as a matter of law and should be dismissed.  *See Sis, LLC v. Stoneridge Holdings*, No. 1:17-cv-01816-ELR, 2019 WL 8277244, at *4 (N.D. Ga. Feb. 5, 2019) (dismissing complaint under Rule 12(b)(6) where defendant "benefitted from the contract and relationship between [p]laintiff and [a third party]").  Because Sokoloff squandered his opportunity to amend, the claim should be dismissed with prejudice.

## CONCLUSION

Malik is not subject to the general jurisdiction of Georgia courts, and his minimal contacts with Georgia are insufficient to exercise specific jurisdiction over him.  The Amended Complaint should be dismissed with prejudice under Rule 12(b)(2).  In the alternative, this Court should grant Malik's motion to dismiss under Rule 12(b)(6) by dismissing Sokoloff's tortious interference claim with prejudice.

---

[28] Dkt. 22 at 20, ¶82 (alleging Sokoloff wishes to "continue" business relationships with manufacturers following his departure from Bioworld); *id.* at 21, ¶83 (expecting his business relationships with the manufacturers to "continue" following his departure from Bioworld); *id.* ¶84 (alleging Malik induced the manufacturers into "[dis]continu[ing] their business relationships with [Sokoloff]"); *id.* ¶86 ("Defendant Malik contacted these [m]anufacture[r]s that threatened to discontinue their business relationship with the [m]anufacture[r]s if they engaged in business with Plaintiff.").

[29] Dkt. 22 at 5–6, ¶18 (emphasis added).

**DEFENDANT RAJEEV MALIK'S RENEWED MOTION TO DISMISS
UNDER RULES 12(b)(2) AND 12(b)(6)**                                                                    **Page 13**

Respectfully submitted,

By:   *David Schlottman*
      Charles A. Hawkins
      Georgia State Bar No. 338680
      **THE HAWKINS FIRM LLC**
      235 Peachtree Street NE, Suite 400
      Atlanta, Georgia  30303
      (404) 334-9970
      (404) 334-9940- Fax
      Email:  charlie@hawkinsfirm.com


      —and—

      David Schlottman (*admitted pro hac vice*)
      Texas State Bar No. 24083807
      Shelisa E. Brock (*admitted pro hac vice*)
      Texas State Bar No. 24097420
      **JACKSON WALKER LLP**
      2323 Ross Avenue, Suite 600
      Dallas, Texas 75201
      (214) 953-6000
      (214) 953-5822 - Fax
      Email:  dschlottman@jw.com
              sbrock@jw.com

      Michael A. Drab (*admitted pro hac vice*)
      Texas State Bar No. 24115826
      **JACKSON WALKER LLP**
      1401 McKinney St., Ste. 1900
      Houston, TX 77010
      (713) 752-4446
      (713) 752-4221 – Fax
      Email: mdrab@jw.com



      **ATTORNEYS FOR DEFENDANTS**
      **BIO WORLD MERCHANDISING, INC.**
      **AND RAJEEV MALIK**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of April 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Middle District of Georgia, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented to accept that Notice as service of this document by electronic means.

                                                          */s/David R. Schlottman*
                                                              David R. Schlottman