IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADAM SOKOLOFF, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BIO WORLD MERCHANDISING, INC. and ) <br> RAJEEV MALIK, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 3:22-CV-12-CDL |

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S RENEWED
<u>PARTIAL MOTION TO DISMISS</u>**

Defendant Bio World Merchandising, Inc. ("Bioworld"), files this Partial Motion to Dismiss the Amended Complaint filed by Adam Sokoloff ("Sokoloff") for failure to state a claim upon which relief can be granted.

**SUMMARY OF ARGUMENT**

Count One of the Amended Complaint alleges Bioworld violated 26 U.S.C. § 7434 by filing fraudulent forms with the Internal Revenue Service regarding Sokoloff's employment classification.[1]  This claim should be dismissed for failing to plead the cause of action with particularity, as required by Rule 9(b)'s heightened pleading standard for claims involving fraud.

Count Four of the Amended Complaint alleges Bioworld violated Georgia law by tortiously interfering with business relationships Sokoloff allegedly had with unidentified

---

[1] Dkt. 22 at 14–16, ¶¶59–63.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S
RENEWED PARTIAL MOTION TO DISMISS**

PAGE 1

manufacturers in China.² Assuming the facts alleged are true, Sokoloff has affirmatively pleaded himself out of a claim by alleging Bioworld has preexisting relationships with these nameless Chinese manufacturers. Bioworld's alleged preexisting relationships with these manufacturers mean Bioworld is not a stranger to the alleged relationship Sokoloff has with these manufacturers, as required by Georgia law. Sokoloff's tortious interference claim fails as a matter of law and should be dismissed with prejudice.

For the Court's convenience, a redline showing changes between the initial Complaint and Amended Complaint is attached as Exhibit A.

## FACTUAL ALLEGATIONS³

Bioworld provides pop-culture merchandise to retail stores.⁴ From 2009 to 2020, Sokoloff was engaged by Bioworld as an independent contractor.⁵ While working with Bioworld, Sokoloff "engaged in interstate travel to meet with the Defendants' customers and suppliers."⁶ In May 2020, Bioworld converted Sokoloff from an independent contractor to an employee and agreed to pay him a salary plus commission on any sales made.⁷

---

² Dkt. 22 at 20–23, ¶¶79–90.

³ Given relevant procedural rules, the facts in this section are drawn from the allegations in Sokoloff's Amended Complaint. While Bioworld disputes many of those allegations, it assumes them to be true for purposes of this motion.

⁴ Dkt. 22 at 5, ¶16.

⁵ Dkt. 22 at 7, ¶26.

⁶ Dkt. 22 at 5–6, ¶¶18.

⁷ Dkt. 22 at 7, ¶26.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

According to Sokoloff, his responsibilities remained the same despite the May 2020 change in employment classification.[8]  From this allegation, Sokoloff deduces he was misclassified as an independent contractor from December 2009 to May 2020, resulting in several alleged violations of federal law.

Count One claims Bioworld's alleged misclassification of Sokoloff from December 2009 to May 2020 violated 26 U.S.C. § 7434.  This allegation asserts a fraud claim under the Internal Revenue Code in six sentences.  Count Two claims Bioworld's alleged misclassification of Sokoloff from December 2009 to May 2020 caused Sokoloff to miss out on overtime premiums provided by the FLSA.

Along with his federal claims, Sokoloff brings two state-law claims.  Count Three alleges Bioworld and Sokoloff executed a written contract regarding Sokoloff's commission.[9]  According to Sokoloff, Bioworld failed to pay Sokoloff commissions owed under the contract.  Count Four alleges Bioworld tortiously interfered with Sokoloff's business relationships with wholesale manufacturers by inducing those manufacturers into "[dis]continu[ing]" their business relationship with Sokoloff.[10]

For the reasons explained below, the Court should dismiss with prejudice Counts One and Four in their entirety.  Sokoloff should not be given leave to amend.

---

[8] Dkt. 22 at 7–8, ¶¶27–29.

[9] Dkt. 22 at 17–20, ¶¶69–78.

[10] Dkt. 22 at 20–23, ¶¶79–90.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

## ARGUMENT AND AUTHORITIES

Rule 12(b)(6) entitles a defendant to obtain dismissal of a lawsuit or claim when the complaint fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, Sokoloff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not' be enough to survive a Rule 12(b)(6) motion to dismiss." *O'Boyle v. Thrasher*, 638 F. App'x 873, 875 (11th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Rule 12(b)(6) motion tests the formal sufficiency of the plaintiff's complaint, but should not be used to resolve factual issues or the merits of the case. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).

**A.    SOKOLOFF'S § 7434 CLAIM IS INSUFFICIENT UNDER RULE 9(b).**

Count one of the Amended Complaint alleges Bioworld violated 26 U.S.C. § 7434 by misclassifying Sokoloff as an independent contractor and filing fraudulent information returns based on that misclassification.[11] Section 7434 provides: "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Sokoloff's § 7434 claim triggers the heightened pleading standard under Federal Rule of Civil

---

[11] Dkt. 22 at 14–16, ¶¶59–63.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

Procedure 9(b). *Dorseli v. Gonzalez*, No. 2:17-cv-37-FtM-99CM, 2017 WL 4286482, at *4 (M.D. Fla. Sept. 27, 2017); *see also Hopper v. Solvay Pharms, Inc.*, 588 F.3d 1318, 1326–27 (11th Cir. 2009) (applying Rule 9(b)'s heightened pleading standard to civil action brought under the False Claims Act). Rule 9(b) requires parties claiming fraud to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Eleventh Circuit has explained:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

The Amended Complaint states Bioworld violated § 7434 by filing "IRS Form 1099 reporting money paid to Plaintiff was non-employee wages."[12] This is inadequate. The Amended Complaint does not allege what was said in the Form 1099, how much Sokoloff was paid, how much Bioworld supposedly avoided in taxes, or how much tax Bioworld should have paid. The Amended Complaint also fails to state when Bioworld allegedly filed the fraudulent returns or how many it filed.[13]

---

[12] Dkt. 22 at 14–15, ¶60.

[13] *See* Dkt. 22 at 15, ¶62 ("Defendant Bio World refused to correct the misclassification and pay the applicable taxes *during times relevant*." (emphasis added)). This statement is inadequate under Rule 9(b). *See Simien v. C. R. Bard, Inc.*, No. 1:20-cv-131, 2020 WL 4922331, at *11 (E.D. Tex. Aug. 20, 2020) ("Rather, he generally states that 'at all times relevant to this cause,' Bard provided 'Plaintiff . . . and the public at large,' with misrepresentations regarding a list of six topics that concern all of Bard's IVC filters and are not limited to the G2 filter. This clearly fails to meet the heightened pleading standard under Rule 9(b). (cleaned up)).

Under Rule 9(b), Sokoloff cannot simply rely on the Court or future discovery to fill in the blanks. "Particularity" is required by the rule, and there is none. FED. R. CIV. P. 9(b). Sokoloff's § 7434 claim should be dismissed. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1298 (S.D. Fla. 2014) ("Bare assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee—without specific facts as to the who, what, when, why[,] or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud.").

Even if Sokoloff had pleaded the claim with particularity, the Amended Complaint should be dismissed because it contains no allegations supporting a reasonable inference that Bioworld willfully filed fraudulent returns. *See, e.g.*, *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017) ("To prove willfulness, the plaintiffs must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute."); *Dorseli*, 2017 WL 4286482, at *3 ("Simply stating that defendants willfully issued the fraudulent forms offers more of a legal conclusion than factual allegations.").

**B.    SOKOLOFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE.**

Count Four of the Amended Complaint alleges "Defendants" tortiously interfered with business relationships Sokoloff allegedly had with "Manufacture[r]s."[14] To state a claim for tortious interference under Georgia law, Sokoloff must allege:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with

---

[14] Dkt. 22 at 20–23, ¶¶79–90.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Tribeca Homes, LLC v. Marathon Inv. Corp.*, 745 S.E.2d 806, 808 (Ga. Ct. App. 2013).

To satisfy the first element, Sokoloff must demonstrate that Bioworld was "a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract." *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 283 (Ga. 1998). The Amended Complaint fails on this point.

Sokoloff made some changes in the Amended Complaint, but none help. In fact, they confirm the invalidity of his claim by affirmatively alleging that Malik was *not* a stranger to the business relationships at issue. Sokoloff changed paragraph 80 and added paragraph 81 as follows:

> ~~74~~80.
>
> Following Plaintiff's separation from the employ of the Defendants, Plaintiff approached a number of wholesale manufactures located in China ("Manufactures").
>
> ~~75~~
> 81.
>
> These Manufactures produce clothing for a wide variety of business in the apparel and are not otherwise exclusive to the Defendants. [15]

The question before the Court is whether Defendants were strangers to the business relationship or contract between Sokoloff and the manufacturers. The manufacturer's location in China is irrelevant, and the fact Defendants did not have exclusive contracts with the unidentified

---

[15] Exhibit A at 32; *see also* Dkt. 22 at 20.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

manufacturers is a tacit admission that Defendants had pre-existing relationships with these manufacturers.

Sokoloff also added the following paragraphs:

> 86.
>
> Following Plaintiff separation from employment with the Defendants, Defendant Malik contacted these manufactures that threatened to discontinue their business relationship with the Manufactures if they engaged in business with Plaintiff or for any Company for which Plaintiff worked. Defendant Malik made these threats personally and as a representative of Defendant Bio World.
>
> 87.
>
> When Plaintiff discussed busines relationship with the Manufactures, the Manufactures stated they could not enter into a busines relationship with Plaintiff, on account of Defendant Malik's threats to cease their business relationship.[16]

By alleging that Malik threatened to "cease their business relationship"—that is, the business relationship between Bioworld and the "Manufactures"—Paragraph 87 affirmatively alleges that Bioworld and Malik were *not* strangers to the business relationships that are the subject of Sokoloff's tortious interference claim.[17]

Other parts of the Amended Complaint further confirm that Sokoloff had the alleged business relationships at issue while selling merchandise for Bioworld's benefit and at Malik's

---

[16] Dkt. 22 at 21–22, ¶¶86–87; *see also* Exhibit A at 34–35.
[17] Dkt. 22 at 22, ¶87.

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

direction.[18]  Elsewhere in the Amended Complaint, Sokoloff admits his role with Bioworld involved "engaging in interstate travel to meet with the Defendants' customers and *suppliers*."[19]

The Amended Complaint affirmatively establishes Bioworld is not a stranger to the alleged business relationship between Sokoloff and the unidentified manufacturers.  Sokoloff's tortious interference claim fails as a matter of law and should be dismissed.  *See Sis, LLC v. Stoneridge Holdings*, No. 1:17-cv-01816-ELR, 2019 WL 8277244, at *7 (N.D. Ga. Feb. 5, 2019) (dismissing complaint under Rule 12(b)(6) where defendant "benefitted from the contract and relationship between [p]laintiff and [a third party]").  Because Sokoloff squandered his opportunity to amend, the claim should be dismissed with prejudice.

## CONCLUSION

Sokoloff has had an opportunity to amend his complaint and he has again failed to adequately allege Counts One and Four.  Bioworld requests an order dismissing Counts One and Four with prejudice.  Following dismissal of those claims, Bioworld requests this Court enter an order transferring this case under 28 U.S.C. § 1404(a) to the Northern District of Texas, Dallas Division for the convenience of the parties and in the interest of justice.  *See* Dkt. 12.

---

[18] Dkt. 22 at 20, ¶82 (alleging Sokoloff wishes to "continue" business relationships with manufacturers following his departure from Bioworld); *id.* at 21, ¶83 (expecting his business relationships with the manufacturers to "continue" following his departure from Bioworld); *id.* ¶84 (alleging Bioworld induced the manufacturers into "[dis]continu[ing] their business relationships" with Sokoloff); *id.* ¶86 ("Defendant Malik contacted these [m]anufacture[r]s that threatened to discontinue their business relationship with the [m]anufacture[r]s if they engaged in business with Plaintiff.").

[19] Dkt. 22 at 6, ¶18 (emphasis added).

**DEFENDANT BIO WORLD MERCHANDISING, INC.'S**
**RENEWED PARTIAL MOTION TO DISMISS**

Respectfully submitted,

By: */s/ David R. Schlottman*
Charles A. Hawkins
Georgia State Bar No. 338680
**THE HAWKINS FIRM LLC**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia  30303
(404) 334-9970
(404) 334-9940- Fax
Email:  charlie@hawkinsfirm.com

—and—

David Schlottman (*admitted pro hac vice*)
Texas State Bar No. 24083807
Shelisa E. Brock (*admitted pro hac vice*)
Texas State Bar No. 24097420
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax
Email:  dschlottman@jw.com
             sbrock@jw.com

Michael A. Drab (*admitted pro hac vice*)
Texas State Bar No. 24115826
**JACKSON WALKER LLP**
1401 McKinney St., Ste. 1900
Houston, TX 77010
(713) 752-4446
(713) 752-4221 – Fax
Email: mdrab@jw.com

**ATTORNEYS FOR DEFENDANTS
BIO WORLD MERCHANDISING, INC.
AND RAJEEV MALIK**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of April 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Middle District of Georgia, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented to accept that Notice as service of this document by electronic means.

                                       */s/ David R. Schlottman*
                                         David R. Schlottman