IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ADAM SOKOLOFF, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:22-CV-12-CDL |
| | ) | |
| BIO WORLD MERCHANDISING | ) | JURY TRIAL REQUESTED |
| INC., AND RAJEEV MALIK, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**RESPONSE IN OPPOSITION TO
DEFENDANT BIO WORLD MERCHANDISING, INC.'S
<u>MOTION TO DISMISS WITH BRIEF IN SUPPORT THEREOF</u>**

NOW COMES Plaintiff, Adam Sokoloff, by and through the undersigned counsel and hereby files Response in Opposition to Defendant Bio World Inc.'s Partial Motion to Dismiss with Brief in Support thereof, ECF No. 33. In support thereof, Plaintiff states as follows:

**I.      BRIEF PROCEDURAL HISTORY**

Plaintiff filed his Complaint on January 27, 2022. *See* ECF No 1. On March 22, 2022, Defendant Bio World Inc. filed its Partial Motion to Dismiss and Defendant Rajeev Malik filed his Motion to Dismiss. *See* ECF No. 6 and ECF No. 7 respectively. Plaintiff filed his Motion to Amend as a matter of course. *See* ECF

No. 22. This Court denied the Motions to Dismiss as Moot. On April 26, 2022, Defendant Bio World Inc. filed its Renewed Partial Motion to Dismiss. *See* ECF No. 33.

### III. ARGUMENT AND CITATION OF AUTHORITY

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955 ).

To meet his burden a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id*. "In ruling on

a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff." *See Hill v. White* , 321 F.3d 1334, 1335 (11th Cir. 2003). "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556)."; *Brown v. Columbus Police Dep't*, Civil Action No. 4:21-CV-162 (M.D. Ga. May 16, 2022).

### A. Count One of the Amended Complaint Sufficiently States a claim, even under Rule 9(b).

As Defendant BioWorld has adequately pointed out Section 7434 provides: "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." *See* 26 U.S.C. 7434 (2022).

Fraud is a "special matter" under the Federal Rules of Civil Procedure, which require that a party alleging fraud "must state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b). Courts have construed this provision to require that some indicia of reliability be given in the complaint to support the allegation of fraud. *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). A party pleading fraud must also plead facts as to the time,

place, and substance of the alleged fraud, identifying when the fraudulent acts occurred and who engaged in them. *Id* at 1310.

Plaintiff has met this standard. The operative facts in his Complaint are as follows: Defendant Malik made employment and compensation policy decisions and made the decision to misclassify Plaintiff as an independent contractor. *See* ECF No. 22 ¶10. Plaintiff was classified as an independent contractor from December 2009 until May 2020. *Id at* ¶26. Plaintiff's job duties were that of an employee and not of an independent contractor, and Plaintiff was not an employee for purposes of the law. *Id at* ¶¶28, 33, 35,36.

Plaintiff was paid a flat rate for all hours worked as an independent contractor, and as a result of this misclassification was not paid for all hours worked. *Id at* ¶¶31,38. The Company did not pay employment taxes on the wages paid as well as failed to pay compensation and taxes for the unpaid hours. *Id at* ¶32. Defendant Bio World filed IRS Form 1099 reporting money paid to Plaintiff was non-employee wages. *Id at* ¶60.

With the facts above, Plaintiff has met his standard. He has properly alleged that Defendant Malik, acting as an employer, directed Defendant Bio World to misclassify Plaintiff as an Independent Contractor. As a result of this misclassification and the election to compensate Plaintiff on a flat rate basis, there

is significant unpaid compensation. This scheme to avoid paying employment taxes on not only the flat rate wages, but also the unpaid compensation that is due to Plaintiff, has resulted in a false record that was presented to the Internal Revenue Services via the IRS Form 1099. Such underreporting of wages has resulted in a failure to pay adequate taxes.

Defendant Bio World's entire argument centers on Plaintiff not including a precise amount that Defendant Bioworld avoided in taxes. Given the allegations in the Complaint that there were substantial hours that were unpaid as a result of the misclassification and election to pay Plaintiff on a flat rate basis, such computation of damages can only be calculated once Plaintiff has obtained the necessary records from the Defendant. To penalize the Plaintiff by requiring him to know the precise amount of unpaid hours without the benefit of discovery and at the pleading stage, clearly runs afoul of the pleading standard in *Twombly*. Furthermore, the Fair Labor Standards Act places the burden of maintain such records on the employer. *See* 29 CFR part 516 (2022).

Finally, Defendant Bio World argues that the Plaintiff failed to allege willfulness in his Complaint. That is false, as the Amended Complaint states Defendant Bio World's actions were willful and fraudulent because it knew that the Plaintiff was wrongfully misclassified as an independent contractor, and despite this

knowledge Defendant Bio World refused to correct the misclassification and pay the applicable taxes during times relevant. *Id at* ¶62.

### B. Count 4 Properly states a claim of Interference with Business Expectancy.

To state a claim for tortious interference with business relationships, "a plaintiff must show [that] defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury." *Renden, Inc. v. Liberty Real Est. Ltd. P'ship III*, 444 S.E.2d 814, 817 (Ga.Ct.App. 1994).

Plaintiff has sufficiently stated a claim for tortious interference with a business relationship. He has plead that the Defendants acted improperly with purposes to injure. *See* ECF No. 22 ¶¶84, 85. The Defendants induced third parties not to enter into a business relationship with Plaintiff. *Id* at ¶86. Plaintiff suffered damages. *Id* at ¶88. The Amended Complaint sufficiently states a claim of tortious interference.

The Defendant's thrust of their argument relies on case law that is disguisable and not on point. Georgia law recognizes a tort that exists in both the interference with a contract as well as an interreference with the expectancy to enter into a contract, i.e. "induced a third party or parties not to enter into *or* continue a business relationship." *See Renden, Inc. v. Liberty Real Est. Ltd. P'ship III*, Supra. Here

Plaintiff is not alleging that the Defendants interfered with an existing contract to which the Defendants were a party. Plaintiff, rather, is alleging that the Defendants interfered with his expectancy that he would contract with a third-party, which he cultivated after he separated from the Defendants' employment. The Defendants are very much strangers to this new relationship that the Plaintiff was cultivating. This claim is distinguishable from *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 283 (Ga. 1998), which alleges an interference with an existing contract.

### IV. CONCLUSION

For the reasons set forth herein, the Plaintiff requests that the Court **DENY** Defendant Bio World Inc.'s Partial Motion to Dismiss.

Respectfully submitted, this 17th day of May, 2022.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

/s/ *Frank DeMelfi*
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ADAM SOKOLOFF, )<br>)<br>　PLAINTIFF, )<br>)<br>v. )<br>)<br>)<br>)<br>BIO WORLD MERCHANDISING )<br>INC., AND RAJEEV MALIK, )<br>)<br>　DEFENDANTS. )<br>_____) | CIVIL ACTION NO.:<br>3:22-CV-12-CDL<br><br>JURY TRIAL REQUESTED |

## **CERTIFICATE OF SERVICE**

**THE UNDERSIGNED** counsel for Plaintiff hereby certifies that this day he caused the foregoing **Response in Opposition to Defendant Bio World Inc.'s Partial Motion to Dismiss with Brief in Support Thereof,** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic mail notification of such filling sufficient to constitute service to counsel of record:

David Schlottman
**JACKSON WALKER LLP**
Shelisa E. Brock
**JACKSON WALKER LLP**

Charles A. Hawkins
**THE HAWKINS FIRM LLC**
Michael Anthony Drab
**JACKSON WALKER LLP**

Respectfully submitted this 17th day of May, 2022.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Frank DeMelfi*
Frank DeMelfi, Esq.
Georgia Bar No. 320128