IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ADAM SOKOLOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:22-cv-12-CDL |
| BIO WORLD MERCHANDISING, INC. | ) | |
| and RAJEEV MALIK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS
RENEWED MOTION TO DISMISS UNDER RULES 12(B)(2) AND 12(B)(6)**

Defendant Rajeev Malik ("Malik") files this reply in support of his renewed motion to dismiss, Dkt. 27 ("Motion"), the amended complaint, Dkt. 22 ("Amended Complaint"), filed by Adam Sokoloff ("Sokoloff"). The Amended Complaint against Malik should be dismissed entirely for lack of personal jurisdiction or, alternatively, Count Four should be dismissed for failure to state a claim upon which relief can be granted.

**SUMMARY OF ARGUMENT**

Malik's Motion challenged personal jurisdiction with evidence—specifically, a declaration from Malik (a Texas resident) proving his lack of connection to Georgia both generally and as to the allegations of this case. Procedurally, this triggered an obligation for Sokoloff to submit evidence proving (i) that Georgia's long-arm statute authorizes this Court to exercise jurisdiction over Malik; and (ii) that doing so would be consistent with due process. In response, Sokoloff did not submit any evidence and instead chose to stand entirely on his pleadings. By doing so, Sokoloff has effectively conceded this Court cannot exercise jurisdiction over Malik. The

Amended Complaint against Malik should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

In the alternative, Sokoloff's tortious interference claim against Malik should be dismissed under Rule 12(b)(6) for failure to state a claim. Assuming the facts alleged are true, Sokoloff has affirmatively pleaded himself out of a claim by alleging Malik and Bioworld have preexisting relationships with the manufacturers discussed in the Amended Complaint. Because Malik and Bioworld are not strangers to Sokoloff's alleged relationship with these manufacturers, Sokoloff's tortious interference claim fails as a matter of law and should be dismissed with prejudice.

## FACTUAL BACKGROUND

Sokoloff does not dispute any of the facts set forth in the Motion or in Malik's declaration. Rather than recite them, Malik incorporates the facts from his Motion supported by his uncontroverted declaration.

## ARGUMENT AND AUTHORITIES

Despite his amendment, Sokoloff has still failed to establish this Court's jurisdiction over Malik. The Amended Complaint against Malik should be dismissed in its entirety under Rule 12(b)(2). In the alternative, Malik seeks relief under Rule 12(b)(6) and moves to dismiss Count Four (tortious interference) for failing to plausibly state a claim.

### A.   MALIK'S RULE 12(b)(2) MOTION TO DISMISS

There is very little in dispute regarding Malik's personal jurisdiction argument. It is undisputed Malik is not subject to the general jurisdiction of this Court, and the parties agree this Court should deploy the traditional two-step, specific personal jurisdiction analysis.[1] Malik's

---

[1] *See* Dkt. 35 at 3–4.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS**
**RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

declaration is uncontested and Sokoloff has provided no evidence of his own, an obligation of which Sokoloff is well aware.[2]

### 1. Sokoloff has not shown that Georgia's long-arm statute authorizes this Court to exercise jurisdiction over Malik.

Despite agreeing that "[t]he court first must determine its jurisdiction under the forum state's long-arm statute,"[3] Sokoloff fails entirely to address this threshold issue. In his Motion, Malik proved through his declaration that Georgia's long-arm statute does not authorize jurisdiction.[4] Sokoloff's response does not contest that point through evidence or even by argument. The response is completely silent on the issue.

Rather than address Georgia's long-arm statute, as he agrees he must, Sokoloff passes over the long-arm statute entirely and seems to conflate it with the separate due process inquiry. This is improper because "Georgia's long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1259 (11th Cir. 2010) (explaining Georgia's long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." (footnote omitted)). The inquiries are distinct, and both must be independently satisfied. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.")

---

[2] *See* Dkt. 35 at 4 (admitting Sokoloff bears "the burden [of establishing jurisdiction] following Defendant Malik['s] tender of evidence supporting his position").

[3] Dkt. 35 at 3–4 ("The court first must determine its jurisdiction under the forum state's long-arm statute.").

[4] Dkt. 32 at 5–6.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS**
**RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

Page 3

Sokoloff has not established (or even attempted to establish) that Georgia's long-arm statute authorizes this Court to exercise personal jurisdiction over Malik, which is a threshold issue. Because the uncontroverted evidence demonstrates that Georgia's long-arm statute does *not* permit the exercise of jurisdiction over Malik, the claims against him must be dismissed.[5]  *See Fitzer v. Am. Inst. of Banking*, No. CV 209-169, 2016 WL 4223612, at *8 (S.D. Ga. Aug. 9, 2016); *Zeleznik v. Universal Restoration Servs. Se.*, No. 1:10-CV-2444-WEJ, 2011 WL 13269437, at *5–6 (N.D. Ga. Feb. 23, 2011); *Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1360 (N.D. Ga. 2010).

### 2. Sokoloff cannot stand on his unsupported pleadings to establish that procedural due process permits exercising jurisdiction over Malik.

Even if Sokoloff had established that Georgia's long-arm statute authorized jurisdiction, he would have the burden to show Malik has "minimum contacts" with Georgia and that exercising jurisdiction over Malik would not "offend traditional notions of fair play and substantial justice." *Madara v. Hall*, 916 F.2d 1510, 1515–16 (11th Cir. 1990). Sokoloff has again defaulted procedurally and substantively on this issue.

Malik proved through his declaration that he does not have "minimum contacts" with Georgia and what little contact exists did not give rise to the claims in Sokoloff's Amended

---

[5] Sokoloff's response relies on inapplicable case law. *See* Dkt. 35 at 4 (citing *Chambers v. Groome Transp. of Ala., Inc.*, No. 3:14-CV-237-WKW, 2014 WL 7151138 (M.D. Ala. Dec. 12, 2014)). *Chambers* has no relevance here as it addresses personal jurisdiction under Alabama law, not Georgia law. *See Chambers*, 2014 WL 7151138, at *2 ("Only a single analysis is necessary, therefore, because the limits of *Alabama's long-arm jurisdiction* are coterminous with constitutional due process requirements." (emphasis added)). As discussed above, the Eleventh Circuit has held "Georgia's long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process." *See Diamond Crystal Brands*, 593 F.3d at 1259. The Alabama long-arm statute is not relevant in this Georgia case.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS**
**RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

**Page 4**

Complaint.[6]  Sokoloff does not dispute those facts with his own evidence.  Instead, he asserts the Court should continue "assuming the pleadings are true."[7]  That is not correct.  Sokoloff's jurisdictional allegations have been challenged with unrebutted testimony, so Sokoloff must support his assertion of jurisdiction with evidence.  Simply standing on unsupported pleadings will not do.  *See Wimby v. Outback Steakhouse Int'l, L.P.*, No. 1:08-cv-0867-CAP-JFK, 2008 WL 11319713, at *2 (N.D. Ga. Apr. 30, 2008) (when defendant challenges personal jurisdiction, "the plaintiff must then come up with support for its allegations. . . . The plaintiff may no longer merely rely on the pleadings set forth in the complaint." (quoting *Scelta v. Delicatessen Support Servs.*, 57 F. Supp. 2d 1327, 1349 (M.D. Fla. 1999))).

Sokoloff is not entitled to stand on his pleadings, and he has not provided evidence supporting the existence of contacts sufficient to support the exercise of personal jurisdiction by this Court.  Instead, the uncontroverted evidence proves Malik does not have sufficient minimum contacts with the State of Georgia to subject him to personal jurisdiction in this Court.[8]  *Fitzer*, 2016 WL 4223612, at *8; *Zeleznik*, 2011 WL 13269437, at *5.

Even if Malik had the requisite contacts with Georgia, this Court should not exercise jurisdiction over him because doing so would "offend traditional notions of fair play and substantial justice."  *Diamond Crystal Brands*, 593 F.3d at 1274.  Sokoloff's response to the

---

[6] Dkt. 32 at 2–3 (reciting facts provided in Malik's declaration).

[7] Dkt. 35 at 5.

[8] Sokoloff's reliance on *Chambers* is again misplaced.  The defendant in *Chambers* did not present evidence supporting its challenge to personal jurisdiction, meaning the allegations of the complaint were presumed true.  *Chambers*, 2014 WL 7151138, at *1 ("The allegations in the Complaint are presumed true because they are uncontroverted by evidence").  Here, by contrast, Malik *has* challenged jurisdiction with evidence, so the allegations of Sokoloff's Amended Complaint are not presumed true.  The allegations in the Complaint have been challenged with unrebutted testimony, and Sokoloff has the burden to support those allegations with his own evidence.  He has failed to do so, so the Amended Complaint must be dismissed.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS**
**RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

**Page 5**

Motion does not dispute the burden Malik would face were he to be subjected to this Court's jurisdiction. The response does not make any argument as to why Georgia has any interest in this lawsuit. In short, the response again effectively concedes the point. The claims against Malik should be dismissed for lack of personal jurisdiction. *See, e.g.*, *Diulus v. Am. Express Travel Related Servs. Co.*, No. 1:19-cv-1551-MHC, 2019 WL 10960607, at *7 (N.D. Ga. June 26, 2019); *Hilliary v. Flightsafety Int'l, Inc.*, No. 1:17-cv-00999-AT-WEJ, 2017 WL 11316735, at *4 (N.D. Ga. Oct. 20, 2017).

### B. MALIK'S RULE 12(b)(6) MOTION TO DISMISS TORTIOUS INTERFERENCE CLAIM

#### 1. Legal standard

Rule 12(b)(6) entitles a defendant to obtain dismissal of a lawsuit or claim when the complaint fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, Sokoloff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### 2. Analysis

Count Four of the Amended Complaint alleges "Defendants" tortiously interfered with business relationships Sokoloff allegedly had with "Manufacture[r]s."[9] To state a claim for tortious interference under Georgia law, Sokoloff must allege:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

---

[9] Dkt. 22 at 20–23, ¶¶79–90.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS
RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

*Tribeca Homes, LLC v. Marathon Inv. Corp.*, 745 S.E.2d 806, 808 (Ga. Ct. App. 2013).  As stated in the Motion, to establish Malik acted "without privilege," *id.*, Sokoloff must establish Malik was "a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract." *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 283 (Ga. 1998).

Sokoloff attempts to distinguish *McLane* by arguing his claim is for tortious interference with a business expectancy whereas *McLane* deals with tortious interference with an existing contractual relationship.[10]  This is a distinction without a difference.  *See Cox v. City of Atlanta*, 596 S.E.2d 785, 788 (Ga. Ct. App. 2004) ("'[T]he applicability of the "stranger doctrine" is the same for [tortious interference with a business relationship] as for tortious interference with a contractual relationship.'" (quoting *McLane*, 503 S.E.2d at 283 n.2)).  As argued in the Motion, the Amended Complaint affirmatively alleges Malik is not a stranger to the alleged business relationships between Sokoloff and the manufacturers.[11]

Sokoloff alleges he was employed by Bioworld as its Director of Sales from December 2009 through April 2021,[12] and that his responsibility was to "engag[e] in interstate travel to meet with the *Defendants'* customers and *suppliers*."[13]  According to Sokoloff, Malik contacted the manufacturers and "threatened to discontinue their business relationship with the [m]anufacture[r]s if they engaged in business with Plaintiff or for any [c]ompany for which

---

[10] *See* Dkt. 35 at 6–7.

[11] *See* Dkt. 28 at 6–9.

[12] Dkt. 22 at 7, ¶24.

[13] Dkt. 22 at 6, ¶18 (emphasis added).

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS
RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

Plaintiff worked."[14] Sokoloff goes on to allege "the [m]anufacture[r]s stated they could not enter into a business relationship with Plaintiff, on account of Defendant Malik's threats to case their business relationship."[15]  These allegations, taken as true for purposes of the Motion and as required under Rule 12, fail to state a claim for tortious interference under Georgia law.  Sokoloff's tortious interference claim should be dismissed for failure to state a claim.  *See Sis, LLC v. Stoneridge Holdings*, No. 1:17-cv-01816-ELR, 2019 WL 8277244, at *4 (N.D. Ga. Feb. 5, 2019) (dismissing complaint under Rule 12(b)(6) where defendant "benefitted from the contract and relationship between [p]laintiff and [a third party]").

## CONCLUSION

Malik is not subject to the general jurisdiction of Georgia courts, and his minimal contacts with Georgia are insufficient to exercise specific jurisdiction over him.  The Amended Complaint against Malik should be dismissed with prejudice under Rule 12(b)(2).  In the alternative, this Court should grant Malik's motion to dismiss under Rule 12(b)(6) by dismissing Sokoloff's tortious interference claim with prejudice.

---

[14] Dkt. 22 at 21, ¶86.

[15] Dkt. 22 at 22, ¶87.

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS**
**RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

        Respectfully submitted,

        *David Schlottman*
        Charles A. Hawkins
        Georgia State Bar No. 338680
        **THE HAWKINS FIRM LLC**
        235 Peachtree Street NE, Suite 400
        Atlanta, Georgia  30303
        (404) 334-9970
        (404) 334-9940- Fax
        Email:  charlie@hawkinsfirm.com

        —and—

        David Schlottman (*admitted pro hac vice*)
        Texas State Bar No. 24083807
        Shelisa E. Brock (*admitted pro hac vice*)
        Texas State Bar No. 24097420
        **JACKSON WALKER LLP**
        2323 Ross Avenue, Suite 600
        Dallas, Texas 75201
        (214) 953-6000
        (214) 953-5822 - Fax
        Email:  dschlottman@jw.com
                  sbrock@jw.com

        Michael A. Drab (*admitted pro hac vice*)
        Texas State Bar No. 24115826
        **JACKSON WALKER LLP**
        1401 McKinney St., Ste. 1900
        Houston, TX 77010
        (713) 752-4446
        (713) 752-4221 – Fax
        Email: mdrab@jw.com

**DEFENDANT RAJEEV MALIK'S REPLY IN SUPPORT OF HIS
RENEWED MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of May 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Middle District of Georgia, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented to accept that Notice as service of this document by electronic means.

                                              */s/David R. Schlottman*
                                              David R. Schlottman