```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

ADAM SOKOLOFF,                        *

    Plaintiff,                      *

vs.                                   *
                                          CASE NO. 3:22-CV-12 (CDL)
BIO WORLD MERCHANDISING, INC.         *
and RAJEEV MALIK,
                                      *
    Defendants.
                                      *

## O R D E R

Adam Sokoloff brought this action against Bio World Merchandising, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Georgia law. Bio World filed several counterclaims against Sokoloff, including claims for contractual and common law indemnity. Sokoloff seeks to dismiss those two counterclaims. Sokoloff also filed a motion for leave to amend his complaint to add a new claim against Bio World for FLSA retaliation. For the reasons set forth below, the Court denies the motion to dismiss counterclaims (ECF No. 48) and the motion for leave to amend (ECF No. 50).

## DISCUSSION

**I.   Partial Motion to Dismiss Counterclaims (ECF No. 48)**

Bio World's counterclaims for contractual and common law indemnity arise out of a 2015 copyright infringement action against it in the U.S. District Court for the Central District of

California. Countercl. ¶ 13, ECF No. 45 (citing *Lixenberg v. Bioworld Merch., Inc.*, 2:15-cv-7242-MWF-MRW (C.D. Cal. 2015)). That action settled in April 2017 and was dismissed with prejudice on May 15, 2017. Notice of Settlement, ECF No. 350 in 2:15-cv-7242-MWF-MRW (C.D. Cal. Apr. 12, 2017); Order on Stipulation to Dismiss, ECF No. 353 in 2:15-cv-7242-MWF-MRW (C.D. Cal. May 15, 2017). Bio World asserts that Sokoloff was responsible for the allegedly infringing conduct and that he is obligated to indemnify Bio World under a 2013 contract and under a common law indemnity theory.

Sokoloff moves to dismiss both indemnity claims as time-barred. A complaint may be dismissed for failure to state a claim if the factual allegations, taken as true, show that the plaintiff (or counterclaim plaintiff) is not entitled to relief. Fed. R. Civ. P. 12(b)(6); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is only appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1320 (11th Cir. 2021) (per curiam) (quoting *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018)). Here, it is not apparent from the face of the counterclaim that the indemnity claims are time-barred. The counterclaim does not contain specific allegations about where the contract between

2

Sokoloff and Bio World was formed, whether the contract has a choice-of-law provision, or whether the contract contains a provision with a limitations period for claims made under the contract. Sokoloff did not point to any evidence on these issues.

Sokoloff assumes that Texas's statutes of limitations apply to the indemnity claims, and he argues that the claims are time-barred under Texas law. But Sokoloff did not point to any authority to establish which statutes of limitations apply. Neither did Bio World. It appears to the Court that, absent circumstances that are not apparent from the face of the counterclaim, Georgia's choice-of-law rules require application of Georgia's statutes of limitations.[1] In Georgia, "statutes of limitations are generally procedural and are therefore governed by the 'lex fori' or the law of the forum state" unless the cause of action is an entirely statutory creation under foreign law "that is not recognized in the common law." *Auld v. Forbes*, 848 S.E.2d 876, 879-80 (Ga. 2020). If Georgia's statutes of limitations apply, then the indemnity claims are not time-barred. *See* O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."); *Saiia Const., LLC v. Terracon Consultants, Inc.*, 714 S.E.2d 3, 6

---

[1] The Court has supplemental jurisdiction over the state law indemnity claims, so the Court applies the choice-of-law rules of the forum state, Georgia. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015).

(Ga. Ct. App. 2011) (applying O.C.G.A. § 9-3-22's twenty-year statute of limitations to a common law indemnification claim). For these reasons, it is not apparent from the face of Bio World's counterclaims that the indemnity claims are time-barred. The Court thus denies Sokoloff's motion to dismiss those counterclaims (ECF No. 48).[2]

## II. Motion for Leave to Amend Complaint (ECF No. 50)

In addition to his motion to dismiss the indemnity counterclaims, Sokoloff seeks leave to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2) to add FLSA retaliation claims based on Bio World's assertion of those counterclaims. Leave to amend should be freely given when justice so requires, but the Court may deny a motion for leave to amend if the amendment "would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Bio World opposes the motion for leave to amend, arguing that the amendment would be futile.

To state a claim for retaliation under the FLSA, an employee must show that he engaged in statutorily protected conduct, that he suffered an adverse action, and that his assertion of FLSA rights was the "but for" cause of the adverse action. *Wolf v.*

---

[2] The evidentiary record may be different at summary judgment than the face of the pleadings today, and if that record establishes that the Texas statute of limitations applies and that the claims are time-barred, Sokoloff will have the opportunity to renew his arguments at that time.

4

*Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000). A panel of the Eleventh Circuit suggested that an employer's counterclaim in an FLSA action could be a retaliatory adverse action for purposes of an FLSA claim. *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (per curiam) (evaluating whether a counterclaim is an adverse action for purposes of a retaliation claim under the Americans with Disabilities Act and relying on a case evaluating an FLSA retaliation claim based on an employer's counterclaim).

To establish an FLSA retaliation claim based on an employer's counterclaim, the plaintiff must allege that the "counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law." *Id.* Sokoloff alleges that Bio World had a retaliatory motive for filing its indemnity counterclaims—his own FLSA action. He also alleges that Bio World lacked a reasonable basis in fact or law for the counterclaims because they are time-barred as a matter of law. But, as discussed above, it is not apparent from the face of the counterclaim that the indemnity claims are time-barred. The Court thus cannot find that Bio World had no reasonable basis for concluding that the applicable rules would permit the counterclaims in this Georgia forum. For that reason, the Court is not convinced that the proposed amended complaint includes sufficient allegations to raise a right to relief on the FLSA retaliation claim "above the speculative level."

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Court thus denies Sokoloff's motion for leave to amend his complaint (ECF No. 50).

## CONCLUSION

As discussed above, the Court denies Sokoloff's motion to dismiss Bio World's counterclaims (ECF No. 48) and his motion for leave to amend (ECF No. 50).

IT IS SO ORDERED, this 16th day of May, 2023.

                                      S/Clay D. Land
                                      CLAY D. LAND
                                      U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA